UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIY ROMANYUK,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C17-0030RSL<br><br>ORDER AFFIRMING COMMISSIONER'S DECISION AND DISMISSING CASE |

Plaintiff Valeriy Romanyuk appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 67-year-old man with a 10th-grade education. Administrative Record ("AR") at 218, 230. His past work experience was as an assembler at a warehouse. AR at 231. Plaintiff was last gainfully employed in December of 2009. AR at 230.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 1

Plaintiff protectively filed an application for SSI on July 31, 2012. AR at 13. Plaintiff asserted that he was disabled due to heart failure, unstable blood pressure, and difficulty breathing. AR at 229.

The Commissioner denied plaintiff's claims initially and on reconsideration. AR at 13. Plaintiff requested a hearing, which took place on April 7, 2015. Id. On June 17, 2015, the ALJ issued a decision finding that plaintiff was not disabled based on his finding that plaintiff could perform past relevant work. AR at 13-20. Plaintiff's request for review by the Appeals Council was denied on December 8, 2016 (AR at 1-7), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On January 11, 2017, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 3.

## II.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III. EVALUATING DISABILITY

As the claimant, Mr. Romanyuk bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. § 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. § 416.920(c). If the claimant does have a severe impairment, the Commissioner moves

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. § 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

### IV. DECISION BELOW

On June 17, 2015, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since July 31, 2012, the application date (20 C.F.R. §§ 416.971 *et seq*.).

2. The claimant has the severe impairment of cardiomyopathy (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) with the following

limitations: he can frequently balance; he can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; and he can never climb ladders, ropes, or scaffolds.

5. The claimant is capable of performing past relevant work as a production assembler (20 C.F.R. § 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since July 31, 2012, the date the application was filed (20 C.F.R. § 416.920(g)).

AR at 13-20.

## V.    ISSUES ON APPEAL

The issues on appeal are:

A. Whether the ALJ erred in evaluating plaintiff's severe impairments.

B. Whether the ALJ erred in evaluating the medical evidence in the record.

C. Whether the ALJ erred in evaluating plaintiff's testimony.

D. Whether the ALJ erred by finding at step four that plaintiff could perform past relevant work and failing to continue to step five and to find plaintiff disabled.

Dkt. 9 at 1.

## VI.    DISCUSSION

A. <u>Evaluation of Plaintiff's Severe Impairments</u>

Plaintiff argues that the ALJ erred by failing to find plaintiff's hypertension to be a severe impairment. <u>See</u> Dkt. 9 at 4-6. The Court finds no harmful error.

At step two of the sequential evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(a)(4)(iii), (c); <u>see also</u> Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); SSR 85-28, 1985 WL 56856, at *3. The claimant has the

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 5

burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).

The step-two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ must still consider all medically determinable impairments, not just those determined to be severe, when assessing a claimant's RFC. See SSR 96-8p, 1996 WL 374184, at *2. Therefore, where an ALJ finds in a claimant's favor at step two, any error in failing to determine other impairments to be severe is harmless so long as the ALJ considered the limitations stemming from those impairments throughout the remainder of the analysis. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (finding that an ALJ's error is harmless where it is inconsequential to the ultimate disability determination).

Here, the ALJ found in plaintiff's favor at step two, determining that he had the severe impairment of cardiomyopathy. See AR at 15. Plaintiff argues that the medical evidence demonstrates that his hypertension was also a severe impairment. See Dkt. 9 at 4-6. However, the only functional limitation stemming from his hypertension that plaintiff identifies is slowed pace, to which he and his daughter testified.[2] See id. However, the ALJ considered both plaintiff's and his daughter's testimony in assessing the RFC and gave reasons to discount their opinions. See AR at 17-19. As described below, the ALJ gave a sufficient reason to discount plaintiff's testimony. See infra § VI.C. Plaintiff did not challenge the ALJ's reasons for

---

[2] Plaintiff also argues that state agency physicians stated that plaintiff would have limited exertional capacity on a permanent basis. See Dkt. 9 at 6. However, the limited "exertional capacity" to which the state agency physicians were referring was the ability to sit, stand, lift, carry, push, and pull according to the requirements of light work, which the ALJ incorporated into the RFC. See AR at 65-66, 76.

discounting plaintiff's daughter's testimony. See Dkt. 9. Therefore, plaintiff does not meet his burden of establishing that any error by the ALJ in evaluating his severe impairments was harmful.

B.  Evaluation of the Medical Evidence

Plaintiff argues that the ALJ erred in his analysis of the medical evidence in the record. See Dkt. 9 at 7-14. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

//

//

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE  - 7

1. Irina Milman, M.D.

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion treating physician Irina Milman, M.D. See Dkt. 9 at 9-12. The Court disagrees.

On June 13, 2011, Dr. Milman authored a DSHS functional assessment form and found that plaintiff could stand for one hour and sit for two hours in an eight-hour day, could lift ten pounds occasionally and two pounds frequently, had postural restrictions, and he had gross or fine motor skill restrictions. See AR at 402-03. The ALJ gave Dr. Milman's opinion little weight because it predated plaintiff's application date by more than a year and because plaintiff "made substantial progess" shortly after the opinion was offered. See AR at 19.

First, when reviewing an application for SSI, the agency only develops the record for the 12 months prior to the application date unless there is a reason to believe that development of an earlier period is necessary. See 20 C.F.R. § 416.912(d). Therefore, the Ninth Circuit has stated that, while not prohibited from consideration, "[m]edical opinions that predate the alleged onset of disability are of limited relevance." See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008). The ALJ noted that Dr. Milman's opinion was formed outside of the relevant period and found that plaintiff's condition had progressed by the time the relevant period began. See AR at 19. The ALJ, earlier in his decision, discussed multiple exams in which plaintiff reported significant improvement since the time Dr. Milman offered her opinion. See AR at 17-18, 328, 331, 346, 364, 371, 373, 380, 384. Therefore, substantial evidence supports the ALJ's specific and legitimate reasons for discounting Dr. Milman's opinion in assessing plaintiff's RFC during the relevant period.

//

//

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 8

2. <u>Nancy Bartholomew, ARNP</u>

Plaintiff argues that the ALJ erred by failing to give a germane reason supported by substantial evidence to discount the opinion of nurse practitioner Nancy Bartholomew, ARNP. <u>See</u> Dkt. 9 at 12-13. The Court disagrees.

On May 30, 2012, Ms. Bartholomew completed a check-box form and found that plaintiff was incapable of performing even sedentary work. <u>See</u> AR at 400-01. The ALJ gave Ms. Bartholomew's opinion no weight because, among other reasons, the check-box form did not contain any explanation for the limitations found. <u>See</u> AR at 19. The testimony of "other [medical] sources," such as nurse practitioners, may be discounted if the ALJ "gives reasons germane to each [source] for doing so." <u>See</u> <u>Molina</u>, 674 F.3d at 1111. An ALJ may reject check-box reports that do not contain any explanation of the bases of their conclusions. <u>See</u> <u>id.</u> Here, the check-box report provided no such explanation. <u>See</u> AR at 400-01. Therefore, the ALJ provided a germane reason supported by substantial evidence for discounting Ms. Bartholomew's opinion.

3. <u>State Agency Physicians</u>

Plaintiff argues that the ALJ erred in his evaluation of the opinions of the state agency physicians for several reasons. <u>See</u> Dkt. 9 at 8-9, 13-14. The Court disagrees.

The state agency physicians found in October of 2012 and May of 2013 that plaintiff had the RFC to perform light work with additional postural and environmental limitations. <u>See</u> AR at 66-67, 76-77. The ALJ gave these opinions significant weight and assessed plaintiff's RFC accordingly. <u>See</u> AR at 16, 18-19.

First, plaintiff argues that the ALJ erred by giving significant weight only to the state agency physicians' opinions because non-examining physicians' opinions alone cannot constitute the substantial evidence required to support an RFC. <u>See</u> Dkt. 9 at 8-9. However, a

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 9

non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." <u>See</u> <u>Lester</u>, 81 F.3d at 830-31. Here, the ALJ explained that the state agency physicians' opinions were consistent with medical evidence in the record indicating improvement after treatment and consistent with plaintiff's activities. <u>See</u> AR at 18. Still, plaintiff argues that an ALJ has a duty to develop the record whenever no treating or examining physician provided an RFC assessment. <u>See</u> Dkt. 9 at 8. Ninth Circuit precedent does not support this proposition. An ALJ's duty to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." <u>See</u> <u>Mayes v. Massanari</u>, 276 F.3d 453, 459 (9th Cir. 2001). Here, the ALJ found that the state agency physicians' opinions, which were supported by the medical record and plaintiff's reported activities, allowed for a proper evaluation of plaintiff's functional capacity. Plaintiff does not establish harmful error in that finding.

Next, plaintiff argues that the ALJ erred by giving significant weight to the state agency physicians' opinions when those physicians did not have the full medical record available to them. <u>See</u> Dkt. 9 at 13-14. However, that other medical evidence was produced after the date of the physicians' opinions does not alone render them stale. Instead, the ALJ must evaluate their consistency with the entire record, including any evidence produced after the physicians' opinions were issued. <u>See</u> SSR 96-6p, 1996 WL 374188, at *2. Here, the ALJ found the state agency physicians' opinions to be consistent with the longitudinal record and plaintiff's activities. <u>See</u> AR at 18. Therefore, the ALJ did not err by giving the physicians' opinions significant weight simply because evidence was produced after their opinions were issued. Plaintiff shows no harmful error in the ALJ's evaluation of the medical evidence as a whole.

//

//

C.     Evaluation of Plaintiff's Testimony

Plaintiff argues that the ALJ erred by discounting plaintiff's subjective complaints. See Dkt. 9 at 14-17. The Court disagrees.

Questions of credibility are solely within the control of the ALJ. See Sample, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, plaintiff testified that he breathed poorly and experienced fatigue, resulting in a slowed pace to all of his activities. See AR at 42-45, 246-47, 284-85. The ALJ found that plaintiff was limited due to his impairments but not to the degree that plaintiff described because, among other reasons, plaintiff had reported improvement to his physicians. See AR at 17-18.

An ALJ may discount a claimant's subjective complaints on the basis of medical improvement in the record following treatment. See Morgan, 169 F.3d at 599. Furthermore, an ALJ may consider prior inconsistent statements concerning symptoms when evaluating a

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 11

claimant's testimony. See Smolen, 80 F.3d at 1284. Plaintiff had a cardiac event in May of 2011, over a year before his application date, but by July of 2011 plaintiff reported feeling "much better than he [had] in a long time" and walking hills without shortness of breath. See AR at 360-61, 364. Throughout 2012, plaintiff continued to report to physicians that he was feeling well and denied chest pain or excessive shortness of breath. See AR 328, 331, 373. In December of 2013, plaintiff sought treatment for a possible cardiac event, but his symptoms resolved without treatment and he was released from the hospital. See AR at 408-13. In 2014 and 2015, plaintiff continued to deny chest pain and shortness of breath or report that they only occurred with overexertion. See AR at 438-39, 458-59. Therefore, though plaintiff argues for a different interpretation of the medical record, substantial evidence supports the ALJ's clear and convincing reason to discount the severity of the limitations to which plaintiff testified.

D. The ALJ's Finding at Step Four

Plaintiff argues that the ALJ erred at step four in finding plaintiff capable of performing past relevant work. See Dkt. 9 at 17-18. Plaintiff argues that the step-four finding is not supported by substantial evidence because the RFC was deficient due to the ALJ's alleged errors in evaluating the medical evidence. See id. However, as described above, the Court finds no harmful error in the ALJ's evaluation of plaintiff's severe impairment, the medical evidence in the record, or plaintiff's testimony, and therefore finds no error in the RFC assessment or the ALJ's finding at step four. See supra §§ VI.A-C.

Plaintiff also argues that the ALJ erred by failing to address plaintiff's illiteracy at step four. See Dkt. 9 at 17-18. However, plaintiff's education becomes a factor at step five of the sequential evaluation process. See 20 C.FR. §§ 416.920(g)(1), 416.960(c)(1). The ALJ, based on vocational expert testimony, found at step four that plaintiff could perform his past relevant

work as a production assembler both as it is generally performed and as it was actually performed by plaintiff. See AR at 20. Therefore, plaintiff demonstrates no harmful error.

Finally, plaintiff argues that the ALJ should have found him disabled according to the Medical Vocational Guidelines. See Dkt. 9 at 3-4. However, as conceded in the reply brief, that determination is only relevant at step five, and plaintiff was found not to be disabled at step four. See Dkt. 11 at 9.

## VII. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 8th day of August, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge